IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CHRISTOPHER KNIGHT,                                             CV. 10-158-MO

              Petitioner,

     v.                                                      OPINION AND ORDER

JEFFREY THOMAS,

              Respondent.


     STEPHEN R. SADY
     Office of the Federal Public Defender
     101 SW main Street, Suite 1700
     Portland, OR  97204

          Attorney for Petitioner


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

          Attorneys for Respondent

Mosman, District Judge.

Petitioner, Christopher Knight, an inmate at the Federal Correctional Institution Satellite Camp ("SCP"), Sheridan, Oregon, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  He alleges the Bureau of Prisons ("BOP") incorrectly interpreted the statutory phrase "proximity to release date" in 18 U.S.C. § 3621(e) when it placed him on the wait-list for the Residential Drug Treatment Program ("RDAP") based on his good conduct time ("GCT") release date.  He asks the Court "to direct the BOP to rank prisoners on the RDAP wait list according to their proximity to release as defined in *Thurman* [*v. Thomas*, 2009 WL 936663 (D.Or.]." (#19, Reply at 2.)  Because the BOP's interpretation of "proximity to release date" is a permissible construction of the statute, and because the Court's review of Petitioner's claim strongly suggests Petitioner fails to raise a cognizable claim and lacks standing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED with prejudice.

<u>**BACKGROUND**</u>

I.   <u>RDAP</u>

Subject to the availability of appropriations, the BOP provides residential substance abuse treatment for all eligible prisoners, with priority for treatment based on an inmate's proximity to release date.  18 U.S.C. § 3621(e)(1)(C).  Prisoner eligibility for the residential drug abuse treatment program

("RDAP") is determined by the BOP.  18 U.S.C. § 3621(e)(5)(B); 28 C.F.R. § 550.53(e).

A wait-list is used to manage the demand for RDAP.  The BOP ranks RDAP-eligible inmates on the wait-list based on their good conduct time ("GCT") release date.[1]  (#15, Decl., Attach. 4.) Inmates on the RDAP wait list who are housed at an institution that does not have RDAP on-site will be considered for transfer to an institution with RDAP as their release date approaches.  (#15, Decl. at 4.)  The RDAP Coordinator at SCP Sheridan has ranked inmates based on GCT since 1995, when RDAP became available at SCP Sheridan.  (*Id*. at 1,4,6.)

Pursuant to § 3621(e)(2)(B), "the period a prisoner convicted of a non-violent offense remains in custody after successfully completing [RDAP] may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."  Eligibility for RDAP, and eligibility for RDAP participation incentives, including early release, are distinct determinations.  *See* 28 C.F.R. §§ 550.53-550.55; Program Statement P5330.11 Chpt. 2 (RDAP); Program Statement P5331.02 (Early Release).  For inmates not clearly ineligible, a preliminary early release eligibility designation is entered after an inmate's current offenses and prior convictions are reviewed by legal staff

---

[1]18 U.S.C. § 3624 governs the release of a federal prisoner and specifies a prisoner will be released by the BOP on the date of the expiration of the prisoner's term of imprisonment, less any time credited for good conduct.

at the BOP's centralized Designation and Sentence Computation Center ("DSCC"). (*Id.*)

An inmate's eligibility for incentives may change over the course of the inmate's participation in RDAP. (#16, Decl. of Neil Solomon, at 5.) Continued eligibility for the early release incentive depends, in part, on satisfactory participation in RDAP, including meeting the BOP's financial program and educational program obligations. § 3621(e)(2)(B); 28 C.F.R. §§ 550.53-550.55.

For the fiscal year 2008, only 93% of the inmates eligible for RDAP participated in the program, due to insufficient funding; the RDAP wait list now averages more than 7,600 inmates; of the inmates eligible for early release benefits under § 3621(e)(2), there was an average reduction of 7.6 months in their term of imprisonment. *Federal Bureau of Prisons Annual Report on Substance Abuse Treatment Programs for Fiscal Year 2008*, Report to Congress (January 2009), at 10-11.[2]

II.  Statement of the Case

On November 5, 2008, Petitioner was found eligible for RDAP and eligible for the early release incentive available under § 3621(e). (#15, Decl. at 2-3; Attach. 2.) The same day, he was designated as "DAP WAIT" in the BOP's SENTRY Inmate History file, reflecting his placement on the RDAP wait list. (*Id.*) On March 1, 2010, Petitioner was admitted to the RDAP program, with an

_____

[2]The report is available online at http://www.bop.gov/inmate_programs/docs/annual_report_fy_2008.pdf

anticipated February 2011 completion date for the residential component.

On February 10, 2010, while on the RDAP wait-list, Petitioner filed the instant petition challenging the BOP's interpretation of the statutory phrase "proximity to release date," found in 18 U.S.C. § 3621(e). (#19, Reply at 2.) Citing *Thurman v. Thomas*, 2009 WL 936663, Petitioner contends a proper interpretation of the statutory phrase "proximity to release date" requires that the date used for placing inmates on the RDAP wait list take into account the maximum one year early release benefits available upon successful completion of the program. Petitioner argues the BOP's failure to interpret the statute in this manner delayed his entry into RDAP, denied him the opportunity to receive a full year of early release benefits, and will cause his release to be delayed. He asks the Court to order the BOP to rank inmates on the RDAP wait-list based on a release date that includes credit for the maximum available early release benefits. (#19, Reply, at 2.)

Respondent argues the petition should be dismissed because: (1) Petitioner has failed to exhaust his administrative remedies; (2) Petitioner has failed to state a cognizable claim for habeas relief as there is no constitutional or statutory right to RDAP early release benefits; and (3) the Court lacks subject matter jurisdiction because Petitioner lacks standing since he cannot show a cognizable injury. (#14, Respt.'s Mem. at 3; #20, at 3.)

Respondent also argues *Thurman* has no preclusive or controlling effect in this action.  (#22, Sur-Reply at 2-3.)

### DISCUSSION

Under 28 U.S.C. § 2241, a federal inmate may challenge the manner in which his/her sentence is executed.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000.)  However, "[t]he writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

The Court does not have jurisdiction to review individualized determinations related to the BOP's management of the RDAP program, *Johnston v. Thomas*, CV. 09-1096-MO (June 23, 2010), but the Court has jurisdiction to review whether the BOP made a legal mistake in interpreting the governing statute.  *Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir. 1996); *see also Figueroa v. Mukasey*, 543 F.3d 487, 493-95 (9th Cir. 2008).  In order to bring this action, Petitioner must show he has standing to challenge the BOP's interpretation of "proximity to release date".  *Renee v. Duncan*, 573 F.3d 903, 908 (9th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

I.  Standing

"[T]he irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest that is (a)

concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of ... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United States v. Hays*, 515 U.S. 737, 742-43 (1995) (citing *Lujan*, 504 U.S. at 560-561.)  "The actual or threatened injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal quotation omitted).

Standing is determined by the facts at the time a complaint is filed.  *Lujan*, 504 U.S. at 569-70 n.4 and n.5.  Accordingly, Petitioner must show that at the time he filed his petition on February 10, 2010, he had suffered the invasion of a legally protected interest as a result of the BOP's interpretation of "proximity to release date" in managing the RDAP wait list, or he must show that an injury was imminent, and that a favorable decision from this Court will redress the injury he alleges.  *Lake Mohave Boat Owner's Ass'n v. National Park Service*, 78 F.3d 1360, 1366 (9th Cir. 1995) (standing requires that a party demonstrate actual injury as a result of the challenged action).

"For purposes of ruling on a motion to dismiss for want of standing . . . the trial court[] must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." *Warth*, 422 U.S. at 501.  Thus,

Petitioner's allegation that his entry into RDAP was delayed by the
BOP's interpretation of "proximity to release date" for wait list
ranking purposes is taken as true.  Petitioner contends:

> the sooner he enters [RDAP], the sooner he completes the
> residential phase and begins the community corrections
> component, the sooner he can be released.  Rather than
> receiving consideration for up to the full year sentence
> reduction, [Petitioner] is limited to at most
> consideration for an 7 month and 22 day reduction. . . .
> Having to spend even an extra day in prison is a tangible
> injury that remains redressable.

(#19, Reply at 7.)  Petitioner's claim of injury rests on the
premise the BOP's interpretation of "proximity to release date,"
infringes a protected right to "consideration for up to the full
year sentence reduction."  Therefore, the Court must determine
whether consideration for up to the full year sentence reduction is
a legally protected interest.

<u>Consideration for Sentence Reduction</u>

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad
authority to manage the imprisonment of a convicted person, but
specified "[t]he Bureau shall make available appropriate substance
abuse treatment for each prisoner the Bureau determines has a
treatable condition of substance addiction or abuse." 18 U.S.C.
§ 3621(b).  In § 3621(e), Congress articulated a specific statutory
mandate for residential substance abuse treatment programs for
eligible prisoners.  18 U.S.C. § 3621(e) specifies:

> (1) Phase-in.--[T]he [BOP] **shall, subject to the availability
> of appropriations, provide residential substance abuse
> treatment** (and make arrangements for appropriate afer care) --

(C) for all eligible prisoners by the end of
fiscal year 1997 and thereafter, **with priority
for such treatment accorded based on an
eligible prisoner's proximity to release date.**

(2) Incentive for prisoners' successful completion of
treatment program.--
    (B) Period of custody.--  **The period a
    prisoner** convicted of a nonviolent offense
    **remains in custody** after successfully
    completing a treatment program **may be reduced
    by the [BOP],** but such **reduction may not be
    more than one year** from the term the prisoner
    must otherwise serve.

It is well established that there is no constitutional or
inherent right of a convicted person to be conditionally released
before the expiration of a valid sentence. *Greenholtz v. Inmates
of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). It
is also well established that inmates do not have a protected
liberty interest in the RDAP-associated discretionary early release
benefit. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Moody v.
Daggett*, 429 U.S. 78, 88 n.9 (1976); *Jacks v. Crabtree*, 114 F.3d
983, 986 n.4 (1997); *Downey*, 100 F.3d at 670 (statutory language of
§ 3621(e) "reflects unequivocal congressional intent to leave to
the Bureau final decisions regarding whether to grant eligible
inmates a sentence reduction. . . . Relevant legislative history
also supports this conclusion.")

Petitioner asserts "[w]hether [he] has a 'legal right to any
sentence reduction,' or a liberty interest or a settled expectation
of early release are not at issue." (#19, Reply at 5.) Rather,
citing *Bowen v. Hood*, 202 F.3d 1211, 1221 (9th Cir. 2000), *cert.*

*denied sub nom, Davis v. Hood*, 531 U.S. 111 (2001); and *Cort v. Crabtree*, 113 F.3d 1081, 1085 (1997), Petitioner argues "*consideration* for a sentencing reduction is a protectable interest" and not having the opportunity for consideration of a full year's reduction constitutes injury. (*Id*. at 5-7.) The cases Petitioner cites, however, do not support the conclusion that the BOP's interpretation of "proximity to release date" infringes a constitutional or statutorily created right.

Petitioner is correct that the Ninth Circuit recognized a "right to consideration for early release" in both *Cort* and *Bowen*. However, in both cases the retroactive application of a new BOP rule was at issue and central to the court's recognition of the inmates "right to consideration." In *Cort*, the inmates had been designated eligible for early release, but were later deemed ineligible through the retroactive application of a new rule interpreting "nonviolent offense" to exclude unarmed robbery. 113 F.3d at 1085. The Ninth Circuit held the rule could not be applied retroactively to disqualify those inmates who had previously been designated eligible for early release subject only to their successful completion of RDAP. *Id*. at 1086. In *Bowen*, the Ninth Circuit held the BOP validly exercised its discretion to categorically exclude certain inmates from early release eligibility, but found the application of the rule change was impermissibly retroactive because the inmates had received notice

of their eligibility contingent only upon their successful completion of RDAP. 202 F.3d at 1220-1222. In both *Cort* and *Bowen,* the Ninth Circuit's holding that the BOP impermissibly applied a new rule retroactively to the petitioners was central to the court finding the inmates were entitled to consideration for early release benefits. Here, the retroactive application of a new rule is not at issue, and the Court does not agree that *Cort* and *Bowen* mandate inmates receive consideration for 12 months of early release.

While the Ninth Circuit found the petitioners in *Cort* and *Bowen* entitled to consideration for early release on the facts presented, the court did not hold that § 3621 requires the BOP to consider all RDAP inmates for the maximum early release incentive, nor did the court hold that all RDAP inmates have a protected right to consideration for a full year of early release. And there is nothing in the statute that states or implies inmates have a protected right in the opportunity for a full year of early release upon completion of RDAP. *See* § 3621(e)(2) (period of custody *may* be reduced by the BOP); 103 Cong. Rec. H8728 (daily ed. Nov. 3, 1993) (Sen. Schumer: "[T]his is not mandatory time off, it is an option, up to the prison authorities.")

Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and the residential substance abuse treatment programs. 18 U.S.C. §§ 3621-3625; *Downey*, 100 F.3d

at 670 ("Regarding substance-abuse treatment programs, the Bureau's discretion begins with deciding whether an inmate ever enters such a program[]") (discussing *United States v. Jackson*, 70 F.3d 874, 877 (6th Cir. 1995) ("[I]t is solely within the authority of the Federal Bureau of Prisons ... to select those prisoners who will be best served by participation in [drug rehabilitation] programs.")) (alterations in original); *see also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-126 (1977) ("wide-ranging deference to be accorded to the decisions of prison administrators").  Because the awarding of early release benefits under § 3621(e) is clearly at the discretion of the BOP, with § 3621(e)(2) limiting the discretionary benefit to a *maximum* one year reduction; and because the legal basis for the Ninth Circuit recognizing a right to consideration for early release in *Cort* and *Bowen* was the impermissibly retroactive application of new BOP rules, which is not at issue here, the Court finds Petitioner's argument that he has a legally cognizable injury as a result of not having the opportunity to be considered for a full year's reduction, to be without merit.

Finding Petitioner's argument to be without merit strongly suggests Petitioner does not have standing to bring this action because he has not shown the BOP infringed a legally protected interest.  However, assuming Petitioner has standing, the Court reviewed the merits of Petitioner's challenge to the BOP's interpretation of "proximity to release date."

12 - OPINION AND ORDER

II.   Interpretation of "proximity to release date"

        Section 3621(e) specifies that priority for residential drug treatment is to be accorded based on an inmate's "proximity to release date," but does not define that term.   The BOP has construed "proximity to release date" to be the inmates' good conduct credit release date when ranking inmates on the RDAP wait list.   On December 15, 2008, the BOP's Psychology Services Administrator and National Drug Abuse Programs Coordinator issued a Memorandum to Regional Psychology Administrators and Regional PTP [Psychology Treatment Program] Coordinators clarifying for "all staff who interview inmates for admission to the [RDAP]":

> [I]nmates are to be selected for an RDAP qualification interview, and subsequently placed on the waiting list, based on their GCT [Good Conduct Time] release date. Staff should not place an inmate on the RDAP waiting list based on a projected early release date, or *any* date other than the GCT date.  The provisional early release date is not calculated until the inmate is actually participating in RDAP.

(#15, Decl., Attachment 4) (emphasis in original).) Petitioner argues the BOP's use of an inmate's good conduct time ("GCT") release date is contrary to the statute.   The Court notes Petitioner's argument that *Thurman v. Thomas*, 2009 WL 936663, is controlling precedent for interpreting "proximity to release date" and requires that the BOP place inmates on the RDAP wait list taking into account a full year of early release benefits, but disagrees.  (#19, Reply at 19-20.)

A.    *Thurman v. Thomas*

The court in *Thurman* concluded proper statutory construction "compels the conclusion that the BOP is required to perform wait list calculations that include the prisoner's projected § 3621(e) release date" because "failing to do so *currently results* in a significant diminution or outright elimination of the statutorily created incentive of sentence reductions" for RDAP graduates. *Thurman*, 2009 WL 936663 at 4 (emphasis added). However, the court's conclusion was drawn from a record that (1) did not include the BOP's written wait-list ranking policy, issued December 15, 2008, and (2) included discovery issues that led the court to infer the BOP had been inconsistent in its administration of RDAP and the associated wait list.[3] Moreover, in *Close v. Thomas*, 09-CV-1172-HA, (D.Or. Sept. 20, 2010) (challenging the BOP's interpretation of "proximity to release date"), the court that issued *Thurman* rejected the petitioners' assertion that *Thurman* is binding precedent for interpreting "proximity to release date," stressing that in *Thurman* the court had addressed inmate wait-list ranking as a collateral matter and had granted equitable remedies because of

_____

[3]The court noted: "After careful consideration of the record in this matter, the court has determined that the most reasonable conclusion that can be drawn from the discovery produced is that the BOP likely underwent changes in how it ranked prisoners waiting for entry into the RDAP sometime in early March, 2006. No persuasive evidence was produced that indicated whether prisoners had been ranked according to projected release dates, or by some other criteria.  However, there was some evidence suggesting that ranking methods changed after March 2006." *Thurman*, 2009 WL 936663 at 4.

the petitioners' unique circumstances.  The circumstances here are different from those that existed in *Thurman* and, accordingly, the Court does not find *Thurman* to be binding.

B.   Agency Interpretation

If a statute is silent or ambiguous with respect to a specific issue, a court must "sustain the agency's interpretation if it is 'based on a permissible construction' of the Act."  *Barnhart v. Walton*, 535 U.S. 212, 218 (2002) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843 (1984).)  This standard applies to the BOP's interpretation of a statute, even if the interpretation appears in a program statement or internal agency guideline.  *Reno v. Koray*, 515 U.S. 50, 61 (1995); *Bowen*, 202 F.3d at 1218.   Under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), the deference shown agency interpretive guidelines, that are exempt from the APA's notice and comment requirements, "depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it the power to persuade, if lacking the power to control."  *United States v. Mead*, 533 U.S. 218, 228 (2001) (citing *Skidmore*, 323 U.S. at 140; *Tablada v. Thomas*, 533 F.3d 800, 806 (9th Cir. 2008).

The BOP's interpretation of "proximity to release date" is found in interpretive guidelines not subject to notice and comment.  Accordingly, the Court applies deference standards under *Skidmore*.

18 U.S.C. § 3624 governs the release of a federal prisoner and specifies, in relevant part:

(a)   a prisoner shall be released by the [BOP] on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b) [good conduct credit ("GCT") - of up to 54 days at the end of each year of the prisoner's term of imprisonment, subject to a prisoner meeting certain requirements].

(c)   Prerelease custody - -
(1) In general. -- The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spend[] a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner [an opportunity to prepare for reentry into the community.]
* * *

4)   No limitations. -- Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621.

Thus, to comply with § 3624, the BOP must use an inmate's GCT release date in setting a release date.

Section 3621(e) does not require that the BOP calculate an early release date to be used in administering RDAP and planning for release.  Rather, § 3621(e)(2)(B) specifies the early release "may not be more than one year *from the term the prisoner must otherwise serve*."  (Emphasis added.)  The term the prisoner must otherwise serve is the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence under § 3624(b) - GCT credit.  Thus, the basis for calculating an early

release date is an inmate's GCT release date.  Because the BOP must take an inmate's GCT release date into consideration in setting a release date under § 3624 and because the GCT date will be the basis for determining any eventual early release date under § 3621(e), the Court concludes it is permissible and rationally valid for the BOP to interpret "proximity to release date" to mean an inmate's GCT date when prioritizing inmates and placing them on the RDAP wait-list.

The Court also notes that a May 3, 2010, roster of inmates participating in RDAP at SCP Sheridan with Petitioner reveals only one inmate was ineligible for early release benefits on that day.[4] (#15, Decl. at 5.)  That inmate was eligible for early release when he started RDAP in November 2009.  (*Id*. at 5.)  Rosters run on May 6, 2010, identified no inmates participating in RDAP at SCP Sheridan who were ineligible for early release, and no inmates who completed RDAP that are ineligible for early release.  (*Id*. at 5-6.)  This strongly suggests it is purely speculative that wait-listing inmates based on an early release incentive release date would have accelerated Petitioner's entry into RDAP because all the RDAP inmates would have had their release dates similarly adjusted to reflect the credit.  It is only with the presence of a number of early release *ineligible* inmates on the wait-list that eligible inmate might benefit from the interpretation of "proximity to

_____

[4]The inmate has since regained his eligibility.

release date" Petitioner promotes. And under those circumstances, adoption of Petitioner's interpretation would almost certainly lead to early release ineligible inmates crying foul because eligible inmates would jump ahead of them on the wait list by 12 months.

In sum, the Court's analysis strongly suggests Petitioner has failed to show the BOP invaded a legally protected interest as required to have standing to bring this action. Assuming Petitioner has standing, the Petition is denied because the BOP's interpretation of "proximity to release date" is a permissible construction of the statute that is consistent with BOP release procedures, and Petitioner has not shown his custody violates the Constitution, laws or treaties of the United States.

<u>**CONCLUSION**</u>

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is DENIED with prejudice.

IT IS SO ORDERED.

DATED this   9th   day of December, 2010.


 /s/Michael W. Mosman
Michael W. Mosman
United States District Judge